WINONA ELECTRIC LIGHT AND WATER COMPANY v.
GOSHERT.

[No. 10,577.   Filed December 11, 1919.]

1. APPEAL.—*Vacation Appeals.—Submission.—Date.*—Under §693
Burns 1914, Acts ·1885 p. 219, an appeal in vacation is submit-
ted as of course at the expiration of thirty days from the date of
service of notice on the appellee of· the taking of· the appeal,
except (1) where otherwise ordered by the court, and (2)
where the notice is waived and the appellee has entered a gen-
eral appearance.  p. 550.

2. APPEAL.—*Submisssion.—Notice by Clerk to Attorneys.—Rules.*
—Rule 18 of the Supreme Court, by implication makes it the duty
of the clerk to enter an order of submission at the expira-
tion of thirty days after service of notice on the appellee in every
civil cause which does not come. within either exception con-
tained in §693 Burns 1914, Acts 1885 p. 219, and to mail a notice
of such submission to at least one of the attorneys whose names
are appended to the assignment of errors, but the mailing of
the notice satisfies that duty.  p. 550.

3. APPEAL.—*Submission.—Appellant's Brief.—Rules.—Dismissal.*—
The rule requiring appellant's brief to be filed within sixty days
after submission is strictly enforced by dismissal.  p. 550.

From Marshall Circuit Court; *Smith N. Stevens,*
Judge.

Action between Ida M. Goshert and the Winona
Electric Light and Water Company.  From the judg-
ment rendered, the latter appeals.  *Dismissed.*

*William D. Frazer, James R. Frazer, J. Edward*
*Headley* and *Lemuel R. Royse,* for appellant.

PER CURIAM.—This appeal is from a judgment ren-
dered on May 23, 1918.  Notice of the appeal was
served on the clerk of the trial court April 12, 1919,
and on the appellee April 24, 1919.  The transcript
was filed on May 21, 1919.  The cause was submitted

on June 20, 1919. The time allowed appellant for filing its brief expired August 20, 1919; but within the time so allowed no brief was filed, and no request was made for an extension of the time for the purpose of filing briefs. By inadvertency the clerk of this court failed to enter an order of dismissal as required by Rule 21. On October 7, 1919, appellant filed a petition for permission to file its briefs.

The following is the substance of the petition: "William D. Frazer is the senior member of the firm of Frazer, Frazer & Headley, and is General Counsel for the appellant. In the trial of the cause he was assisted by Lemuel W. Royse, of Warsaw, and William B. Hess, of Plymouth. When it was determined to appeal the cause, the preparation of appellant's brief was assigned to him (W. D. Frazer). He was aware of the rule of court which provides that when a cause is submitted notice shall be given to one at least of the attorneys representing the appellant; and he relied on that rule and supposed that he would receive notice of the submission. He did not forward appellant's brief until October 3, 1919. On Oct. 4, 1919, he was informed by one of appellee's attorneys that the cause had been submitted on June 22, 1919. He has received no notice of the submission, and no notice thereof has come to the office of the firm of Frazer, Frazer & Headley. He is informed by his co-counsel that neither of them has received notice of the submission. By reason of the failure to receive notice of the submission he was misled as to the time within which appellant's brief should have been filed. He had no notice of the submission until Oct. 4, 1919.

"Wherefore, he asks that the submission be set

550 APPELLATE COURT OF INDIANA,

Winona Electric Light, etc., Co. *v.* Goshert—71 Ind. App. 548.

aside and vacated and that permission be granted to file appellant's brief."

The appellee has filed a motion to dismiss the appeal on the ground that appellant's briefs were not filed within the time fixed by the rule of court.

Section 693 Burns 1914, Acts 1885 p. 219, provides in a general way when appeals in civil cases shall be submitted. The language of that section is somewhat awkward, but it may be ascertained therefrom that an appeal in vacation will be submitted as of course at the expiration of thirty days from the date of service of notice on the appellee of the taking of the appeal, except (1) where otherwise ordered by the court, and (2) where the notice is waived and the appellee has entered a general appearance. Rule 18 of the Supreme Court, by implication, makes it the duty of the clerk to enter an order of submission at the expiration of thirty days after service of notice on the appellee in every civil cause which does not come within either exception of the statute. By said rule the further duty is imposed upon the clerk, whenever he makes an order of submission under the statute, to "mail notice of such submission to one at least of the attorneys whose names are appended to the assignment of errors." The only name (or names) "appended" to the assignment of errors in the case at bar is "Frazer & Frazer," designated "attorneys for appellant."

It should be observed and realized that the clerk is required to do nothing more than to mail the notice. There is no contention that the clerk failed to discharge that duty. It is apparent that counsel might have computed the time of submission for themselves. In cases like the one at bar the mailing

of notice of submission by the clerk seems to be superfluous. Ewbank's Manual §178. The rule requiring that appellant's brief shall be filed within sixty days after submission is strictly enforced. Ewbank's Manual §179.

The appeal is dismissed.